UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| JOSEPH SPURLOCK, | : | Case No. 1:23-cv-721 |
| Plaintiff, | : | |
| vs. | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Karen L. Litkovitz |
| CHAPLAIN RUCKEL, *et al.*, | : | |
| Defendants. | : | |

**ORDER and**
**REPORT AND RECOMMENDATION**

Joseph Spurlock, a former state prisoner, has filed a Complaint alleging that prison officials violated his civil rights while he was in custody at Southern Ohio Correctional Facility. (Doc. 1-1, 1-3). By separate order, this Court took judicial notice that Plaintiff is no longer in custody at SOCF and granted Plaintiff leave to proceed *in forma pauperis*. He is also proceeding without the assistance of counsel.

The matter is currently before the Court for the required screening of the Complaint. The Undersigned concludes that Plaintiff's claims under 42 U.S.C. § 1983 and the First Amendment for the denial of kosher meals may **PROCEED** to further development against Defendants Chaplain Ruckel and Michael Davis. The other claims, as discussed herein, should be **DISMISSED**.

I. **Initial Screening Standard**

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis*, the Court is required to screen his Complaint. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). The Court must

dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe a complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

2

**II.     Parties and Claims**

When he submitted his Complaint, Plaintiff Joseph Spurlock was in custody at the Southern Ohio Correctional Facility (SOCF). (Complaint,[1] Doc. 1-1, PageID 6). Plaintiff asserts that he is Jewish Orthodox. (Doc. 1-3, PageID 12). He alleges that he asked for kosher meals while at SOCF, but that Chaplain Ruckel denied his request, insinuating to Michael Davis that "Plaintiff was Jewish Orthodox but not Jewish enough to receive a kosher meal." (*Id.*). Davis also denied Plaintiff's request. (*Id.*).

From context, it appears that Defendants Ruckel and Davis are employees or agents of SOCF and/or the Ohio Department of Rehabilitation and Correction (ODRC). (Doc. 1-1, PageID 8-9; Doc. 1-3, PageID 12; Doc. 1-4, PageID 14, 16). In addition to the two individual Defendants, Plaintiff appears to also sue the ODRC itself. (Doc. 1-1, PageID 6, 8; Doc. 1-3, PageID 11).

The claims are raised under 42 U.S.C. § 1983 and the First Amendment, as well as under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1. (Doc. 1-3, PageID 12). Plaintiff seeks monetary damages from Ruckel and Davis in the amount of $75,000 each, and the costs of this suit. (Doc. 1-3, PageID 13).

**III.    Discussion**

At this stage of the proceedings, without the benefit of an answer or other briefing, the Undersigned concludes that Plaintiff's § 1983 claim against Ruckel and Davis under the First Amendment may **PROCEED** to further development. His § 1983 claim, if any, against the ODRC should be **DISMISSED**, as should all of his claims under RLUIPA.

---

[1] The Court construes Docket Entry Nos. 1-1 (entitled "Complaint") and 1-3 (entitled "Statement of Claim") together as the operative Complaint.

The ODRC is not a proper defendant under 42 U.S.C. § 1983. "Section 1983 creates liability for 'persons' who deprive others of federal rights under color of law. Only a 'person' faces liability under the statute." *Hohenberg v. Shelby Cnty., Tenn.*, 68 F.4th 336 (6th Cir. 2023) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)). The ODRC is not a "person." *See Vizcarrondo v. Ohio Dep't of Rehab. & Corr.*, No. 1:18-cv-1255, 2019 WL 6251775, at *5 (N.D. Ohio Nov. 22, 2019) (noting "multiple courts have found that ODRC is not a 'person' subject to suit under 42 U.S.C. § 1983."); *Peeples v. Ohio Dep't of Rehab. & Corr.*, 64 F.3d 663 (6th Cir. 1995) (table) (affirming the district court's dismissal of suit against the ODRC that held that "the ODRC is not a 'person'"). Any § 1983 claim against the ODRC itself should therefore be dismissed.

The claims under RLUIPA, which seek monetary damages, should also be dismissed. "Although RLUIPA permits 'appropriate relief against a government,' the Sixth Circuit and this Court consistently have held that such relief does not extend to monetary damages." *McDougald v. Davis*, No. 2:16-cv-545, 2018 WL 1899229, at *4 (S.D. Ohio Apr. 20, 2018), *report and recommendation adopted*, 2018 WL 2288003 (S.D. Ohio May 18, 2018). Thus, "Plaintiff cannot seek monetary damages under RLUIPA against either ODRC or the individual defendants." *Koger v. Mohr*, No. 4:17-cv-2409, 2019 WL 4573712, at *6 n.5 (N.D. Ohio Sept. 19, 2019), *aff'd in part, rev'd in part on other grounds and remanded,* 964 F.3d 532 (6th Cir. 2020) (citing *Sossamon v. Texas*, 563 U.S. 277, 285-86 (2011) ("RLUIPA does not waive state's sovereign immunity against claims for monetary relief") and *Haight v. Thompson*, 763 F.3d 554, 568 (6th Cir. 2014) ("no monetary damages under RLUIPA against prison officials in their individual capacity")).

Plaintiff here seeks only monetary damages in his Complaint. (Doc. 1-3, PageID 13). Because he cannot obtain monetary damages under RLUIPA, these claims—against all Defendants—should be dismissed.

Had Plaintiff sought other relief under RLUIPA, such as injunctive or declaratory relief, those claims would be moot because Plaintiff has been released from SOCF. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (holding that claims for declaratory and injunctive relief that were "directed specifically" at a certain prison's "policies and procedures and were not targeted at [the state corrections] program as a whole" were rendered moot when plaintiff left that prison). As this Court has observed, "[w]hen an inmate files suit against prison officials at the institution of his incarceration based upon those officials' wrongful conduct seeking declaratory and injunctive relief, and that inmate is subsequently transferred or released, courts routinely dismiss the declaratory and injunctive relief claims as moot." *Zeune v. Mohr*, No. 2:14-cv-153, 2015 WL 3544662, at *2 (S.D. Ohio June 4, 2015) (collecting cases). "This is because an inmate's transfer or release ends the alleged violations of his or her constitutional rights, which 'render[s] the court unable to grant the requested relief.'" *Id*. (quoting *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 724 (6th Cir. 1993)). As there appears to be no relief that this Court can afford Plaintiff under RLUIPA, his claims thereunder should be dismissed.

The Clerk of Court is **DIRECTED** to file the operative Complaint (Doc. 1-1 and Doc. 1-3 together) on the docket.

IV. **Service**

Plaintiff has provided one set of service documents for Chaplain Ruckel. (Doc. 1-4, 1-5). The United States Marshal Service shall serve a copy of the Summon, the Complaint (as separately filed), the Order granting Plaintiff *in forma pauperis* status, and this Order and Report

5

and Recommendation on Defendant Ruckel as directed by Plaintiff, with costs of service to be advanced by the United States.

Plaintiff has not yet provided service documents for Michael Davis. The Clerk is **DIRECTED** to send a blank copy of the summons form and U.S. Marshal form to Plaintiff for his use. Plaintiff is **ORDERED** to complete and return these forms for Michael Davis **within thirty days** of the date of this order. The United States Marshal Service shall serve the four above-mentioned documents on Defendant Davis once satisfactory service documents are received from Plaintiff.

Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to Defendants or Defendants' counsel. Any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**V.      Summary and Conclusion**

The Undersigned has screened Plaintiff's Complaint (Doc. 1-1 and Doc. 1-3 together), which shall be filed separately on the docket. Plaintiff's Section 1983 claim against Defendants Ruckel and Davis under the First Amendment shall **PROCEED** to further development at this time. Service shall proceed as outlined above.

The Undersigned **RECOMMENDS** that the Court **DISMISS** the following: (1) any § 1983 claim against the ODRC itself; and (2) Plaintiff's RLUIPA claims for damages against all Defendants. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

Plaintiff is reminded that he must keep this Court informed of his current address while this case is pending.

VI. **Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

November 21, 2023

KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE